UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| MEDIAWERKS PUBLISHING, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | |
| APEX RX SOLUTIONS, LLC and | ) | Jury Demand |
| SOHAIL HASSAN | ) | |
| | ) | |
| | ) | |
| | ) | |

ANSWER TO COMPLAINT AND COUNTERCLAIM

COMES NOW, Defendant Apex RX Solutions, LLC, through undersigned counsel, and Answers as follows:

I. PARTIES

1. Defendant cannot confirm or deny.

2. Admit.

3. Admit.

II. JURISDICTION AND VENUE

4. Admit

5. Admit

6. Admit

III. FACTS

7. Defendant cannot Admit or deny.

8. Defendant cannot Admit or deny.

9. Deny

10. Deny

11. Deny.

12. Admit only that State of Michigan placed an order and wired the money stated in the paragraph.

13. Deny.

14. Admit only that email was sent by Defendant Sohail Hassan. Deny the remaining.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Admit.

22. Admit.

23. Deny.

## IV. CAUSES OF ACTION

### COUNT I

24. Defendant realleges all aforementioned responses as if fully stated herein.

25. Deny.

26. Deny.

### COUNT II

27. Defendant realleges all aforementioned responses as if fully stated herein.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

## AFFIRMATIVE DEFENSES

1. Failure to State a claim upon which relief can be granted.

2. There were no contracts between Plaintiff and defendants.

3. The Plaintiff has unclean hands.

WHEREFORE, Defendants respectfully request that the Court:

    1. dismiss this action

    2. Provide for Defendants legal fees

    3. Any other relief the Court deems appropriate.

## COUNTERCLAIM

COMES NOW Defendants/Counterclaimant, Apex and state as follows:

1. On March 21, 2020 Dr. William Reddy introduced William (Bill Werkmeister), Jim Butler, and Robert Arya to Apex Rx Solutions.

2. Mr. Werkmeister had a contact (Jared Ambrosier) at the State of Michigan who was in an urgent need of a large quantities of hand sanitizers.

3. Jim Butler and Robert Arya also introduced Apex Rx Solutions to Gr8 Seas Holdings who is a vendor for Save-On Grocery and Office Depot, amongst others, and were also in urgent need of hand sanitizers.

4. On March 23, 2020, State of Michigan provided Apex with a purchase order for 500,000 units of 16- once Sanitizer and a wire for $810,000 (40% down payment) for the order to Apex. (Exhibit 1)

5. At all times the purchase order was with Apex and not with Mediawerks. Mediawerks was not a party to the contract.

6. On Friday, March 27th, Bill Werkmeister sent Sohail Hassan a consulting agreement to review and sign.

7. On Friday, March 27th, Sohail Hassan sent Bill Werkmeister and Jim Butler a revised and edited consulting agreement to review and sign. (Exhibit 2)

8. On Friday, March 27th, 2020 Jim Butler signed and returned the consulting agreement.

9. Apex had repeatedly tried to get Mr. Werkmeister to sign a consulting agreement, which he refused to sign. (Exhibit 2).

10. Under the unsigned Consulting Agreement, it clearly states that Mr. Werkmeister will get paid 3 days after Apex receives the money from the customer.

11. Gr8 Seas Holdings subsequently provided a purchase order to Apex Rx Solutions for a test order for Save-On Grocery.

12. Even though, Mr. Werkmeister did not agree or sign the Consulting Agreement, Apex, in accordance with the Consulting Agreement, sent a wire representing 50% commission payment in the amount of $13,945.50 to Bill Werkmeister on March 26th, 2020 towards the Save-On Order.

13. A wire was also made for a commission payment in the amount of $13,945.50 to Jim Butler on March 26th, 2020 towards the Save-On Order.

14. A wire was made for a commission payment in the amount of $13,945.50 to Robert Arya on March 26th, 2020 towards the Save-On Order.

15. Apex Rx Solutions engaged Curve Hospitality who was in discussions with RNA to fulfill these orders, and get pricing and shipping information as well as product availability.

16. RNA provided invoices and payment terms, accepted down payments and provided an approximate delivery schedule for all orders.

17. However, RNA breached their contract with Curve Hospitality and failed to deliver on the first delivery due on April 7th, 2020 for Save-On Grocery.

18. Since RNA was not able to fulfill, Curve cancelled all orders with RNA and requested a full refund.

19. On or before April 10, 2020, Bill Werkmeister, supposedly working for Apex, contacted Jared Ambrosier with the State of Michigan to tell him Apex Rx Solutions failed to deliver on the Save-On Test order and to cancel their order and request a full refund.

20. State of Michigan, through Jared Ambrosier submitted a formal request to Apex Rx Solutions on April 11th, 2020 for a full refund due to failure to perform.

21. Mr. Werkmeister was not authorized to contact the State of Michigan to have them cancel the contract.

22. By contacting the State of Michigan, Mr. Werkmeister deprived Apex to saving the contract and working out other arrangements with the State of Michigan.

23. Bill Werkmeister has also contacted friends of Sohail Hassan (Ethan Gao) with the intent to spread malicious information.

24. On April 27, 2020, Mr. Joseph Sibley counsel for Plaintiffs emailed Counsel for Apex, Faisal Gill, and demanded that Apex cease and desist contacting Meijer, even though Apex had the contract with Meijer.

25. In the same email, Mr. Joseph Sibley stated that there was a non-circumvention agreement between the parties.

26. Faisal Gill replied that there was no such agreement.

27. At that point, Mr. Sibley responded with an email that had signed non-compete non circumvention agreement (NCNDA). (Exhibit 3).

28. The NCNDA was a doctored document that Mr. Werkmiester made in preparation for this lawsuit. Mr. Werkmiester cut and pasted pages from other documents. In an effort to prove his case, Bill Werkmeister doctored the consulting agreement, adding Sohail Hassan's signature from a previously outdated, unexecuted consulting agreement.

29. At all times APEX tried to get Mr. Werkmietser to sign a NCNDA, however he refused.

30. Mr. Werkmiester is attempting to perpetrate a fraud on the Court.

COUNT 1
Tortious Interference with Contract

31. Counterclaimant restates and realleges paragraphs 1-30 of this Counterclaim as if set forth fully herein.

32. Counterclaimant has a valid contract with the State of Michigan.

33. Counterclaim Defendant willfully and intentionally interfered with the contract by contacting the State of Michigan and telling them to cancel the contract.

6

34. As a direct and proximate result of Counterclaim Defendant's actions, the State of Michigan canceled the contract with Counterclaimant, causing them loss of profits from the contract.

35. As a direct and proximate result of Counterclaim Defendant's actions, Counterclaimant incurred damages from not being awarded a subsequent contract with the State of Michigan that they were to receive after completion of the first contract.

COUNT 2
Fraud

36. Counterclaimant restates and realleges paragraphs 1-35 of this Counterclaim as if set forth fully herein.

37. Counterclaim Defendant committed fraud by submitting a fraudulent document to the Court.

38. Counterclaim Defendant knew the document to be false when he submitted it to the Court.

39. Counterclaim Defendant made the false statements and filed the fraudulent document with the Court in order to obtain an unfair advantage in litigation.

40. As a direct and proximate result of Counterclaim Defendant's actions, Counterclaimant incurred damages in an amount to be proven at trial.

CONCLUSION

WHEREFORE, the Defendant/Counterclaimant respectfully requests that this Court:

1. Deny all claims against Defendant by Plaintiff;

2. Award Counterclaimant any and all financial, economic and compensatory damages entitled to by law, as determined by a jury, on each of Counts I and II of the Counterclaim in addition;

3. Award Counterclaimant other monetary damages that they may be entitled to under the law; in addition

4. Award appropriate pre-judgment and post judgment interest to Counterclaimant; in addition

5. Award expert fees and attorney's fees and cost of this action to Counterclaimant as may be permitted by law; in addition

6. Award any other relief the Court deems just and appropriate.

## JURY DEMAND

Defendant/Counterclaimant demands a jury in all matters in this case.

RESPECTFULLY SUBMITTED,

/s/ Tillet J Mills II
Tillet J Mills II, ATTORNEY AT LAW
State Bar No. 24098113,
4101 Greenbriar,
HOUSTON, TEXAS 77098
O: (832) 942-8389
Tillet@tilletjmills.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Answer was served upon all parties via the PACER eFiling Manager pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure on June 30, 2020.


/s/ Tillet J Mills II_____
Attorney for Defendants